**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ONESOUTH BANK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:20-CV-379 (MTT)** |
| ) | |
| ) | |
| **HERMAN CURT TITSHAW, *et al*.,** ) | |
| ) | |
| **Defendant.** ) | |
| ———————————————— ) | |

## ORDER

Plaintiff OneSouth Bank renews its motion for default judgment against

Defendant Herman Curt Titshaw.  Doc. 28.  For the reasons discussed below, that

motion (Doc. 28) is **DENIED**.

## I.  PROCEDURAL HISTORY

OneSouth brought three claims in its original complaint.  Doc. 5.  OneSouth sued

Global Produce Sales, Inc., Summer Time Melons, LLC, Crisp Melons, Inc., Stephen

Ross Nichols, Lee Allen Wroten, III, and Mark A. Elliott for conversion/misappropriation

of collateral and proceeds and attorney's fees.  *Id*. ¶¶ 60-71.  OneSouth also sued

Titshaw for breach of contract.  *Id*. ¶¶ 51-59.  Titshaw was served with the original

complaint on October 27, 2020 but did not respond.  Docs. 12; 28 at 1.  The remaining

defendants collectively moved to dismiss the original complaint for failure to state a

claim and lack of personal jurisdiction.  Doc. 16.  OneSouth then applied to the Clerk of

Court for an entry of default against Titshaw, and the Clerk entered default.  Docs. 19;

20.  OneSouth then moved for default judgment against Titshaw.  Doc. 21.  But before

obtaining a ruling on that motion, OneSouth filed a consent motion to file an amended complaint.  Doc. 22.  That motion was granted, and the amended complaint was filed on January 7, 2021.  Docs. 24; 25.  Although Titshaw had not, and still has not, entered an appearance, OneSouth served the amended complaint on Titshaw by mail at his last known address on January 8, 2021.  Docs. 26; 28 at 2.  Titshaw did not answer or file a responsive pleading, so OneSouth renewed its motion for default judgment.  Doc. 28. In its motion, OneSouth acknowledged that its amended complaint "mooted" Titshaw's default as to the initial complaint, but it claims Titshaw is in default as to the amended complaint.

## II.  STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise."  After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).

At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend.  *See* Fed. R. Civ. P. 55; *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).  Entry of default judgment is committed to the discretion of the Court.  *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).  However, default judgment does not follow automatically from an entry of

default.  The Court additionally "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."  *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007).  *See also Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  As to requests for damages, the Court may conduct evidentiary hearings, although "no such hearing is required where all essential evidence is already of record."  *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

### III. DEFAULT JUDGMENT

OneSouth argues that it renewed its motion for default judgment against Titshaw because the amended complaint mooted its pending motion for default judgment.  Doc. 28 at 2 (citing *Montgomery Bank, N.A. v. Alico Rd. Bus. Park, LP*, 2014 WL 757994, at *2 (M.D. Fla. Feb. 26, 2014)).  OneSouth also argues that Rule 5(a)(2) permits service of the amended complaint upon Titshaw by mail because the amended complaint alleges no new claims or facts against Titshaw.  Doc. 28 at 2.

On January 29, 2021, the Court expressed its skepticism as to whether Titshaw is in default regarding the amended complaint.[2]  Doc. 29.  In response, OneSouth argues that Rule 5, not Rule 4, governs service of the amended complaint on Titshaw because no new claims were raised against him.  Doc. 30 at 1-4.  OneSouth cites for support district court cases that applied the Eleventh Circuit's ruling in *Vax-D Med.*

---

[1] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

[2] The Court also expressed concern about OneSouth's daily interest calculation against Titshaw.  Doc. 29.

*Technologies, LLC v. Texas Spine Med. Ctr.*, 485 F.3d 593 (11th Cir. 2007), allowing service of subsequent pleadings by mail because no new or additional claims were brought against a defendant.  Doc. 30 at 2.  But the pro se defendant in *Vax-D* answered an amended complaint that had been personally served on him and participated in discovery, including appearing at a deposition.  *Vax-D*, 485 F.3d at 595. He then failed to answer a second amended complaint that had been served by mail. *Id*.  Clearly, service on that defendant pursuant to Rule 5 was appropriate.  Moreover, the issue in *Vax-D* was whether the district court had personal jurisdiction over the defendant, not whether a defendant who has not appeared can be found in default when he fails to answer a pleading served by mail.

In short, Titshaw has not entered an appearance and OneSouth cites no authority, and the Court knows of none, holding that a party who has not entered an appearance can be served under Rule 5, much less held in default for failing to respond to a pleading served by mail.  Thus, because OneSouth has not personally served the amended complaint on Titshaw pursuant to Rule 4, Titshaw is not yet in default.

Finally, OneSouth has not requested the Clerk to enter default as to the amended complaint.

Accordingly, OneSouth's renewed motion for default judgment (Doc. 28) is **DENIED** without prejudice.

**SO ORDERED**, this 18th day of February, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT