**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ONESOUTH BANK,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:20-CV-379 (MTT)** |
| | ) | |
| **HERMAN CURT TITSHAW,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

This Court allegedly has subject matter jurisdiction of this case pursuant to the

Food Security Act ("FSA"), 7 U.S.C. § 1631.  Doc. 25 ¶ 2.  The case involves a state law

breach of contract claim asserted by Plaintiff OneSouth Bank against Defendant

Herman Curt Titshaw and state law claims for conversion against the defendants who

purchased Titshaw's watermelons ("buyer–defendants").  *Id*. ¶¶ 83-106.

In its conversion claim, OneSouth claims the buyer–defendants converted crops

in which it has a security interest.  The central issue is whether the buyer–defendants

were bound by OneSouth's security interest, the prescribed notice of which was sent to

Defendant Crisp Melons, a dissolved corporation allegedly related to the buyer–

defendants.  OneSouth seems to raise two theories to support its argument that the

buyer–defendants were bound by its security interest.  First, it alleges that the buyer–

defendants received direct written notice of OneSouth's security interest pursuant to the

FSA.[1]  According to OneSouth, the buyer–defendants (or at least the corporate defendants) all received direct written notice of OneSouth's security interest when Kathy Murdock, a high-level employee for each of the corporate defendants, accepted OneSouth's notice of the security interest that was addressed only to Crisp Melons.  *Id*. ¶ 100.  OneSouth alleges that the buyer–defendants refused to turn over the proceeds from the watermelons, despite OneSouth's superior right through the security interest, thereby committing conversion.  *Id*.  In the alternative, OneSouth seeks to pierce the corporate veil to hold the buyer–defendants liable for the conversion of the crops covered by its security interest.  *Id*. ¶ 77-82.

The Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  OneSouth asserts that this Court has jurisdiction pursuant to the FSA.  *Id*. ¶ 2.  However, the FSA does not establish a cause of action, and OneSouth has only asserted state law claims.  7 U.S.C. § 1631.  OneSouth probably relies on the substantial-federal-question doctrine to invoke subject matter jurisdiction.  *See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

Under the substantial-federal-question doctrine, a federal court will have jurisdiction if the asserted "state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Id*. at 314.  In other words, "federal jurisdiction over a state law claim will lie if a federal

---

[1] Under the Food Security Act, a buyer of farm goods takes free of any security interest in the farm goods even if the buyer knows of the existence of such interest.  An exception—at issue in this case—is when "the buyer has received from the secured party or the seller written notice of the security interest[.]"  7 U.S.C. § 1631(d)-(e).

issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  In deciding whether a federal court has jurisdiction under this test, the Supreme Court has considered whether a federal agency is a party to a case, whether the issue is a pure issue of law, and whether the resolution of the disputed issue "would be controlling in numerous other cases."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1296 (11th Cir. 2008) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)).  At least some of these considerations appear to undercut the Court's jurisdiction of this case.

Accordingly, both parties are **ORDERED** to submit briefs within fourteen days addressing whether the Court has subject matter jurisdiction over this case.

**SO ORDERED**, this 12th day of April, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT