IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ONESOUTH BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-379 (MTT) |
| | ) |
| **HERMAN CURT TITSHAW,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

__ORDER__

Plaintiff OneSouth Bank states that based on recently discovered facts, it now has "specific, identifiable claims against the … Defendants that are founded in state law and completely unrelated to [federal law]." Doc. 49 at 5. OneSouth argues these new facts, once alleged, would deprive the Court of subject matter jurisdiction. Understandably concerned about proceeding in federal court only to see its claims dismissed, OneSouth seeks leave to voluntarily dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(2)[1] so that it can file a new complaint in state court. *Id*. at 3. The defendants oppose the motion. Doc. 55. For the following reasons, OneSouth's motion for voluntary dismissal (Doc. 49) is **GRANTED**.

The Eleventh Circuit has stated:

> A voluntary dismissal without prejudice is not a matter of right. *Zagano v. Fordham University,* 900 F.2d 12, 14 (2d Cir. 1990); Fed. R. Civ. P. 41(a)(2). Although we have said that in most cases a voluntary dismissal

---

[1] Federal Rule 41(a)(2) states that if a defendant has filed an answer or motion for summary judgment, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

> should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit, see *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967), the decision whether or not to grant such a dismissal is within the sound discretion of the district court and reviewable only for abuse of discretion, *see LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976). And, when exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants. *See id.*

*Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502–03 (11th Cir. 1991). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citation omitted). The Eleventh Circuit has not provided specific factors to be considered, but courts focus on whether a defendant would suffer "plain prejudice" or merely the "prospect of a second lawsuit." *Id*. When denying a plaintiff's request for dismissal, courts "weigh the relevant equities and do justice between the parties." *See, e.g.*, *Stephens v. Ga. Dep't of Transp.*, 134 F. App'x 320, 323 (11th Cir. 2005) (quoting *Potenberg*, 252 F.3d at 1255-56).

   The defendants argue that despite OneSouth's new allegations—or what they *suspect* the new allegations will be—the Food Security Act, a federal law, will likely still need to be interpreted, and thus federal jurisdiction is appropriate. Doc. 55 at 6. Federal subject matter jurisdiction may eventually be at issue, but the only issue currently before the Court is OneSouth's motion to voluntarily dismiss the case. The defendants cannot prevent dismissal by arguing that the new complaint will contain state law claims that may require interpretation of a federal statute. More importantly, the defendants do not argue that they will suffer "plain prejudice" if OneSouth's motion is granted. Worst case scenario for the defendants, the parties will litigate the issue of

subject matter jurisdiction based on OneSouth's new complaint.[2]  The defendants will not lose any defenses or legal rights if OneSouth is allowed to dismiss its current lawsuit.

The defendants point out the Court previously found, barely, that federal jurisdiction was appropriate.  Doc. 55 at 7; *see also* Doc. 43 at 6-8 (stating "this is a rare state law claim that raises 'an important issue of federal law that sensibly belongs in a federal court'") (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)).  But that analysis was based on facts that OneSouth now considers outdated.[3]  OneSouth asserts that in its recast complaint, it will allege facts that will render the federal law issue moot.  Whether federal jurisdiction is still appropriate will depend on those facts.

The bottom line is this: OneSouth seeks permission to dismiss its case and refile in state court.  The defendants are concerned that they will have to potentially spend time and effort to remove the case and establish federal court jurisdiction.  But the defendants will not suffer plain prejudice or lose any substantial rights from the dismissal; that is how jurisdictional disputes get resolved.  Accordingly, OneSouth's motion for voluntary dismissal (Doc. 49) is **GRANTED**.

**SO ORDERED**, this 21st day of March, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Worst case scenario for OneSouth, however, is worse.  If it is right about the absence of federal jurisdiction, forcing it to proceed in federal court would be a pointless, and expensive, exercise.

[3] It is also worth noting that both parties agreed that, based on the facts at the time, federal jurisdiction was appropriate.